IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                       :
                                                       :
                                                       : CASE NO.  4:10 CV 1144
ADNEER GONZALEZ,                                       :
                          Petitioner                   : MEMORANDUM OPINION AND
                                                       : ORDER DENYING PETITION FOR
                    -vs-                                : WRIT OF HABEAS CORPUS
                                                       :
                                                       :
                                                       :
HARVEY LAPPING, et al.                                 :
                          Respondents.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

        Before the court is pro se petitioner Adneer Gonzalez's petition for writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241.  Mr. Gonzalez, who is incarcerated at the

Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, seeks the

restoration of half of the Good Credit Time (GCT) forfeited as a sanction for his prison

disciplinary conviction.

**I. Background**

        On 7 October 2009, Officer Mitchell conducted a shakedown of Room 306 in Unit

5702 at the Federal Correctional Institution in Fort Dix, New Jersey ("F.C.I. Fort Dix").

Petitioner was incarcerated at this facility at the time and housed in Room 306.  During

the shakedown, Officer Mitchell instructed Mr. Gonzalez to empty his pockets and

submit to a pat search.  He complied and produced two bags of tobacco and cigarette

papers from his pockets.  A further search of petitioner's locker revealed a cellular telephone wrapped in tissue paper and 998 stamps inside a pair of socks.  More tobacco was discovered in petitioner's jacket hanging outside of his wall.  Officer Mitchell then escorted petitioner to the officers' station.

A report was prepared on 7 October 2009 charging Mr. Gonzalez with Possession of a Hazardous Tool (Cell Phone) and Possession of Anything Unauthorized in violation of Codes 108 and 305, respectively.  A copy of the report was provided to petitioner on the same date.

The Disciplinary Hearing Officer (DHO) scheduled a hearing for 23 October 2009.  During the hearing, petitioner waived staff representation, as well as his right to call witnesses.  Petitioner denied ownership of the cell phone and highlighted his willingness to empty his pockets when instructed by Officer Mitchell.  He pointed out that when Officer Mitchell asked whether he had anything else on him, petitioner stated that he did not.  And when confronted with the cell phone in his locker, Mr. Gonzalez stated the phone was not his because "I always use my ITS phone."  (Inc.  Rpt. at ¶ III, B).  He added that his locker was open when he returned to his room and someone had stolen 7 books of stamps from him in the past.  The DHO asked if he had a problem with any other inmates and petitioner replied he did not.

The DHO used a picture of the cell phone, 998 stamps and three bags of tobacco as documentary evidence.  He also relied on Officer Mitchell's narrative in the incident report as well as Mr. Gonzalez's statement.  Ultimately, the DHO concluded that petitioner committed the prohibited acts charged.  The DHO sanctioned Mr. Gonzalez, as follows, for the Code 108 violation: 30 days disciplinary segregation (which was

suspended pending 180 days clear conduct); 40 days disallowance of Good Conduct

Time (GCT); forfeiture of 216 days non-vested GCT and loss of phone privileges for 18

months.  For the Code 305 violation, the DHO sanctioned petitioner to 15 days

concurrent disciplinary segregation, 13 days disallowance GCT; 60 days loss of

commissary privileges and 60 days loss of visitation privileges.  The DHO advised Mr.

Gonzalez in writing he could appeal the decision within 20 days of his 17 November

2009 decision.  There is no indication petitioner filed any appeal.

*Mr. Gonzalez's Habeas Petition*

Mr. Gonzalez filed his petition with this Court on 20 May 2010, seeking the

restoration of half the GCT forfeited by the BOP for his violation of Codes 108 and 305.

He cites Wilkins v. Gaddy, __U.S.__, 130 S.Ct. 1175 (2010), and Hutto v.  Finney, 437

U.S. 678 (1978), to support his allegation that the sanctions imposed constitute cruel and

unusual punishment in violation of the Eighth Amendment.  Both Wilkins and Hutto are

prisoner civil rights cases asserting Eighth Amendment violations based on use of

excessive force and extended confinement in punitive isolation.  Here, petitioner argues

respondent violated the Eighth Amendment by imposing the forfeiture of excessive non-

vested GCT as a sanction.  Moreover, he asserts an equal protection claim that he is

being discriminated against as an inmate from the Dominican Republic because other

inmates only lost 60 days GCT for the same offense.[1]

---

[1]Petitioner does not identity the race or national origin of these 'other inmates,' but states respondents had "no other motive except for racial profiling and A-La-Arizona style causing an undue burden indirect violation of the 8th amendment as totally disproportionate to the offense comitted [sic]."  (Pet. at 4.)

**II. Law and Analysis**

Federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241.  See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981).  Exhaustion is not a strict statutory or otherwise jurisdictional requirement. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50 (1995); see also Gates-Bey v. United States Parole Comm'n, No. 00-3687, 2001 WL 303512 (6th Cir. Mar. 19, 2001)(noting that § 2241's exhaustion prerequisite is "not a statutory requirement").  However, a federal prisoner who procedurally defaults on his administrative claims must demonstrate cause and prejudice for the omission.  See Engle v. United States, 26 Fed.Appx. 394, 396 (6th Cir. Oct 25, 2001)(citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996)).

It appears that Mr. Gonzalez has not exhausted his administrative remedies. Under the BOP's Administrative Remedy Program, the first level of appeal from a DHO decision is an appeal to the Regional Director.  28 C.F.R. § 542.14(d)(2).  To appeal from a decision of the Regional Director, an inmate must appeal to the General Counsel within thirty calendar days of the date that the Regional Director signed the response, absent a valid reason for delay.  28 C.F.R. § 542.15(a).  There is no indication that Mr. Gonzalez filed any appeal to his disciplinary conviction.

Mr. Gonzalez has not demonstrated cause for his apparent procedural default. While it is clear he was transferred from Fort Dix, New Jersey some time after the DHO's decision, there is no indication whether this prevented him from filing a timely appeal, even though the DHO informed Mr. Gonzalez of the need to appeal within twenty days.

4

Furthermore, even if Mr. Gonzalez could establish cause for failing to exhaust his administrative appeals, he still would not be entitled to habeas relief, since he cannot demonstrate prejudice.  Neither Mr. Gonzalez's Equal Protection claim nor his Eighth Amendment allegation entitle him to equitable relief.

*Alleged Equal Protection Violation*

First, Mr. Gonzalez's Equal Protection claim is beyond the scope of the Court's habeas review, since a Section 2241 petition is not a proper vehicle for challenges to the conditions of a prisoner's confinement.  See <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811-12 (10th Cir.1997). "Petitions under § 2241 are used to attack the execution of a sentence," and they "attack[ ] the fact or duration of a prisoner's confinement and seek[ ] the remedy of immediate release or a shortened period of confinement." <u>Id</u>. at 811-12.  Consequently, while "a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters," this is only permitted in cases where the challenged action "affect[ed] the fact or duration of the [prisoner's] custody," <u>Id</u>; <u>see also</u> <u>Badea v. Cox</u>, 931 F .2d 573, 574 (9th Cir.1991)(habeas corpus petition is designed to test the legality or duration of confinement).  Therefore, the Court declines to address Mr. Gonzalez's arguments that the respondent imposed a more severe sanction against him simply because he is Dominican.

Mr. Gonzalez's Equal Protection claim could be advanced as a civil rights action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971); however, as presently postured, this is not a <u>Bivens</u> action.  Although <u>Bivens</u> provides a remedy against individual federal officials who act in an unconstitutional

5

manner, <u>Bivens</u> is best understood as providing only a cause of action for damages. <u>See</u> <u>Simmat v. United States Bureau of Prisons</u>, 413 F.3d 1225, 1230-32 (10th Cir.2005). Because Mr. Gonzalez does not assert a claim for damages, it would be improper for this Court to treat his Equal Protection claim as a <u>Bivens</u> action. It thus declines to do so.

*Alleged Eighth Amendment Violation*

Mr. Gonzalez's claim that his disciplinary sanction is excessive and in violation of the Eighth Amendment is without merit. He challenges the forfeiture of non-vested GCT imposed for the Code 108 violation, claiming that this sanction is excessive and constitutes cruel and unusual punishment as described in <u>Wilkens</u> and <u>Hutto</u>.

<u>Wilkens</u> is clearly inapposite, as it dealt with excessive use of physical force. <u>See</u> <u>Wilkens v. Gaddy,</u> ___U.S.___, 130 S.Ct. 1175 (2010). And <u>Hutto</u> is no more persuasive. While <u>Hutto</u> did involve a claim of excessive discipline, the sanction was not the denial of GCT but the imposition of additional physical restraint. <u>See Hutto v. Finney</u>, 437 U.S. 678 (1978). The Court's analysis revolved around the fact that, while "punitive isolation 'is not necessarily unconstitutional, . . . it may be, depending on the duration of the confinement'." <u>Id.</u> at 685. The prisoners in <u>Hutto</u> and <u>Wilkens</u> were subjected to atypical physical treatment as a component of their Eighth Amendment claims. This is not a component of the allegations raised in Mr. Gonzalez's petition.

Under BOP regulations, a Code 100-series offense is designated as a "greatest category" offense, which allows the DHO to impose a range of sanctions, as set forth in subpart A through M under 28 C.F.R. § 541.13(a)(2). The forfeiture of earned statutory good time or non-vested good conduct time "(up to 100%)" falls squarely within the list of sanctions included in subpart B. <u>See</u> 28 C.F.R. § 541.13(a)(2)(Table 3--Prohibited Acts

6

and Disciplinary Severity Scale). Therefore, the DHO imposed a sanction clearly authorized by BOP regulation.

The sanctions imposed on Mr. Gonzalez do not reflect a dramatic departure from accepted standards for conditions of confinement. Sandin v. Conner, 515 U.S. 472, 485 (1995). Nor does the sanction create inhumane prison conditions, deprive an inmate of basic necessities or fail to protect his health or safety. Further, it does not involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur. See, e.g., Rhodes v. Chapman, 452 U.S. 337 (1981); Estelle v. Gamble, 429 U.S. 97(1976). Because the court must "afford appropriate deference and flexibility to [prison] officials trying to manage a volatile environment," Sandin, 515 U.S. at 482, there is an insufficient legal basis to support Mr. Gonzalez's Eighth Amendment claim for equitable relief.

## III. Conclusion

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice to any civil rights claim Mr. Gonzalez may have under the facts alleged. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]


IT IS SO ORDERED.

   /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 29 July 2010

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."