IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
ADNEER GONZALEZ, : CASE NO.  4:10 CV 1144
 :
                                          Petitioner, : <u>MEMORANDUM OPINION AND</u>
 : <u>ORDER</u>
              -vs- :
 :
 :
HARVEY LAPPING, :
                                          Respondent. :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 30 July 2010, this Court *sua sponte* dismissed petitioner Adneer Gonzalez's petition for a writ of habeas corpus on the ground that he failed to exhaust his administrative remedies. (Doc. 5). The Court also held that, in any event, Mr. Gonzalez would not be entitled to habeas relief because neither his Equal Protection nor his Eighth Amendment claims had merit. Judgment was accordingly entered against him. <u>Id.</u> His case is now in the hands of the Court of Appeals for the Sixth Circuit. (Doc. 7).

Presently before this Court is the respondent's post-judgment motion to expand the record that is before the Court of Appeals. (Doc. 9). The respondent asks the Court to supplement the record with, and place under seal, Mr. Gonzalez's inmate transfer history records. The respondent states that inclusion of these records would assist the Court of Appeals in addressing Mr. Gonzalez' argument, which he makes for the first time on appeal, that he was unable to exhaust his administrative remedies because he

was transferred to two different facilities after the Disciplinary Hearing Officer's Report was issued.

Having considered the respondent's arguments, the Court concludes that it has no jurisdiction to entertain the respondent's request. The motion will accordingly be denied.

**I. Discussion**

Ordinarily, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982).

A notice of appeal has been filed in this instance, and this Court accordingly has no power over the contents of the record. "In general, the appellate court should have before it the record and facts considered by the District Court." United States v. Barrow, 118 F.3d 482, 487 (6th Cir.1997). Although the district court has limited authority to correct material omissions or misstatements in the record that occurred by error or accident pursuant to Fed. R.App. P. 10(e)(2), the addition of Mr. Gonzalez's inmate transfer history records would not rectify a simple omission or misstatement in the record. Instead, the respondent seeks to supplement the record with material that was never considered by this Court.

The respondent's argument that the Court possesses an equitable power to expand the record in extraordinary circumstances has no merit. First, the rule cited by

2

the respondent involves the equitable power of an appellate court to expand the record. Second, the Sixth Circuit has not even adopted it. Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003) ("While other circuits have embraced the notion that the record can be supplemented under an appellate court's equitable authority, we as of yet have not").

### II. Conclusion

For the foregoing reasons, the respondent's motion to expand the record is denied. The motion to seal is denied as moot.

IT IS SO ORDERED.

      /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 20 July 2011